(November 24, 1953.)

In the Matter of the Arbitration between AL FINEMAN, Doing Business under the Name of CORNELL FURNITURE SALESROOMS Co., Respondent, and MAX KORMAN, as President of Retail Furniture & Floor Covering Employees Union Local 853, C. I. O., Appellant.
In the Matter of the Arbitration between FINEMAN FURNITURE Co., INC., Respondent, and MAX KORMAN, as President of Retail Furniture & Floor Covering Employees Union, Local 853, C. I. O., Appellant.
In the Matter of the Arbitration between REGENT QUALITY FURNITURE, INC., Respondent, and MAX KORMAN, as President of Retail Furniture & Floor Covering Employees Union, Local 853, C. I. O., Appellant.

*Per Curiam.* The three petitioners, each of which is a business firm operating a furniture store, are controlled by one person. Their petition for an order directing that the respondent union proceed to arbitration of a labor dispute has been granted and the union appeals from such order.

On October 21, 1950, the New York Furniture Merchants Association entered into a collective bargaining agreement with the union, containing a provision for arbitration which the petitioners are seeking to enforce. This contract, in paragraph "Nineteeth", provided that "Nothing in this agreement shall prevent the Association from acquiring new members who shall not, however, come within the terms of this contract."

All three petitioners became members of the association *after* the making of the contract with the union. The union contends, therefore, that they are "new members", as contemplated in paragraph "Nineteenth", and that they are not bound by and cannot avail themselves of the union's contract with the association. The petitioners claim, however, that the union waived the provisions of paragraph "Nineteenth" and agreed that all the terms of the association contract were to apply to the petitioners, with the same force and effect as if the petitioners had been members of the association on the date of the signing of the contract. In support of this contention the petitioners have submitted a letter dated March 24, 1952, purportedly sent to the union to corroborate the alleged oral waiver. Other correspondence has been submitted indicating that the union had dealt with one of the three petitioners in connection with a labor dispute and relating to the deduction by this petitioner of its employees' union dues.

The union denies unequivocally that it ever waived the provisions of paragraph "Nineteenth" and also denies ever receiving the letter allegedly corroborating the oral waiver. It also asserts that whatever dealings it had with the one petitioner did not serve to acknowledge that this petitioner had status as a member of the association entitling it to receive the benefits of the association's agreement. The union further states it treated the petitioners as indi-

vidual employers who were not bound by the association contract; and in support of this contention it produces correspondence to indicate it dealt directly with the petitioners on conventional union-employer matters, and not through the association.

Under the circumstances, a substantial issue is raised as to the making of a contract between petitioners and respondent. The order directing arbitration should be modified, and the respondent's request for trial by jury of the issue as to the making of the contract of arbitration granted, pursuant to the provisions of section 1450 of the Civil Practice Act. The order denying rehearing of the original application becomes academic and should be affirmed..

Breitel, Bastow, Botein and Bergan, JJ., concur in *Per Curiam* opinion; Cohn, J. P., dissents and votes to affirm.

Under the circumstances, a substantial issue is raised as to the making of a contract between petitioners and respondent. Order directing arbitration is modified and the respondent's request for trial by jury of the issue as to the making of the contract of arbitration granted, pursuant to the provisions of section 1450 of the Civil Practice Act. Order denying rehearing of the original application becomes academic and is affirmed. Settle order on notice.